O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| EAST WEST BANK, | Case No. 2:25-cv-04107-ODW (MAAx) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO REMAND [14]** |
| HERBL, INC. et al., | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff East West Bank initiated this action for breach of contract and receivership against Defendant HERBL, Inc. in the Santa Barbara County Superior Court.  (Notice Removal ("NOR"), ECF No. 1.)  At East West's request, the Superior Court appointed Kevin Singer as a receiver for HERBL.  (*Id.* ¶ 2.)  The IRS sent Singer a claim for HERBL's tax liabilities.  (*Id.* ¶ 3.)  After Singer objected and moved to adjudicate the tax claim, nonparty-claimant the United States of America removed the matter to this Court.  (*Id.* ¶¶ 4, 6–11.)  Singer now moves to remand. (Mot. Remand ("Mot." or "Motion"), ECF No. 14.)  For the reasons discussed below, the Court **GRANTS** Singer's Motion and **REMANDS** this action to Santa Barbara County Superior Court.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.    BACKGROUND[2]

On June 20, 2023, East West Bank initiated this action against HERBL in the Santa Barbara County Superior Court ("Receivership Court").  (NOR ¶ 1.)  East West Bank sought appointment of a receiver to take control of HERBL's assets and operations.  (Mot. 4.)  On July 10, 2023, the Receivership Court appointed Singer as the receiver for HERBL.  (NOR ¶ 2.)  For over a year following his appointment, Singer has been performing his duties on behalf of HERBL, including pursuing legal claims, collecting debts, and selling assets.  (Mot. 4.)

On November 22, 2024, the IRS sent Singer a Proof of Claim for Internal Tax Revenue Taxes ("IRS Tax Claim").  (NOR ¶ 3.)  On April 18, 2025, Singer filed a motion with the Receivership Court for adjudication of the IRS Tax Claim.  (*Id.* ¶ 4.)  In that motion, Singer disputes that HERBL owed $9,053,181.15 in corporate tax liabilities for the 2019 through 2023 tax periods.  (NOR Ex. 1 ("Receiver Motion Adjudication" or "Receiver Motion"), ECF No. 1-1.)  Singer argues that, pursuant to the Internal Revenue Code, 26 U.S.C. § 6871 *et seq.*, tax claims "may be presented, for adjudication in accordance with law," to the court "in which a receivership proceeding is pending."  (Receiver Motion 6.)

On May 7, 2025, the United States removed the matter to this Court based on alleged federal question jurisdiction, asserting that Singer's claims arise under federal law.  (NOR ¶ 6.)  The United States also contends that removal is proper under 28 U.S.C. § 1441 because Singer "seeks a ruling on his objection to tax assessments made against HERBL," and his claim "is thus civil in nature and properly removed" to this Court.  (*Id.* ¶ 7.)  Finally, the United States asserts that "this action is also

---

[2] The United States removed this action seeking adjudication of HERBL's federal tax liabilities. (*See generally* NOR.)  The Notice of Removal did not include a copy of the original complaint filed by East West Bank against HERBL.  (*Id.*)  As such, the Court summarizes the factual and procedural background as presented in the Notice of Removal, the parties' Joint Case Management Statement, (ECF No. 15), and the parties' moving papers filed in connection with the instant Motion.

properly removed to this Court under 28 U.S.C. § 1442(a)(1), as an action against a federal agency being sued in state court for the collection of revenue." (*Id.* ¶ 8.)

Singer now moves to remand this action on the grounds that (1) the United States "is not a defendant and only defendants can remove cases under 28 U.S.C. § 1441 and 28 U.S.C. § 1442(a)," and (2) the United States "has not established this Court's removal jurisdiction." (Mot. 4.)

### III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). An action commenced in state court may also be removed to federal court when it is brought against the United States, its agencies, or officers (or any person acting pursuant to their authority) for acts undertaken under the color of such office. 28 U.S.C. § 1442(a).

Federal courts have original jurisdiction, and a defendant may remove the case pursuant to the federal removal statute, 28 U.S.C. § 1441, where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Federal question jurisdiction exists when "federal law creates the cause of action or [] the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). A federal court may exercise diversity jurisdiction when the adverse parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). Additionally, under 28 U.S.C. § 1442, a federal officer may remove to federal court an action commenced in state court that is brought against the United States or its officers or agencies for acts performed in the course of their official duties.

1  Courts strictly construe the removal statute against removal jurisdiction, and

2  "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

3  in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The

4  party seeking removal bears the burden of establishing jurisdiction.  *Id.*  Moreover, the

5  district court must remand any case removed from a state court "if at any time before

6  final judgment it appears that the district court lacks subject matter jurisdiction."

7  28 U.S.C. § 1447(c).

8                          **IV.    DISCUSSION**

9  The United States removed this action asserting this Court's federal question

10 jurisdiction under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. §§ 1441 and 1442(a)

11 governing the removal of civil actions.  (*See generally* NOR.)  Singer now moves to

12 remand, arguing that neither § 1441 nor § 1442 supports removal jurisdiction here.

13 (*See generally* Mot.)  First, Singer argues there is no federal question jurisdiction

14 because the action "originally filed in state court was a contract case involving two

15 California corporations and zero federal issues."  (*Id.* at 11–12.)  Second, Singer

16 contends that the right to remove under 28 U.S.C. §§ 1441 and 1442(a) is limited to

17 "defendants" and the United States is not a defendant in the action initiated by East

18 West Bank against HERBL.  (*Id.* at 6–10.)

19 **A.    Federal Question Jurisdiction**

20 First, Singer argues that "[t]here is no federal question, clear or otherwise,

21 discernable of [sic] the face of East West Bank's complaint that gave rise to the state

22 court action here."  (*Id.* at 12.)  Additionally, Singer contends that because the original

23 action involves an ordinary contract dispute between two California corporations, this

24 "appears to settle the matter" concerning the Court's original jurisdiction.  (*Id.* at 11–

25 12.)  Despite the lack of an express federal cause of action pleaded in East West

26 Bank's complaint against HERBL, the United States argues that this Court has

27 "original jurisdiction of this action" because Singer's motion for adjudication of the

28 IRS tax liabilities "arise[s] under federal law."  (NOR ¶ 6; *see* Opp'n 5, ECF No. 16.)

"[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)). "[T]he plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks omitted). A state law claim gives rise to a federal question only when the state law claim "necessarily turn[s] on the construction of a substantial, disputed federal question." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 (9th Cir. 1996).

An ordinary contract dispute does not by itself present a federal question or necessarily turn on the construction of federal law. *See Rep. Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) ("A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 8–9 (1983))).

Here, the United States does not argue that East West Bank's complaint against HERBL raises a federal question. (*See generally* Opp'n.) Instead, it contends that Singer's motion to adjudicate the tax claim raises a federal question, specifically under 28 U.S.C. § 6871. (*Id.* at 5; *see* NOR ¶ 6.) However, while 28 U.S.C. § 6871 does present a federal question, that question does not appear on the face of East West Bank's complaint against HERBL. (*See* Mot. 12.)

Simply stated, this action could not have been originally filed in federal court because the East West Bank's complaint does not allege facts supporting federal question jurisdiction, and therefore removal on this ground is improper. *See Lyman v. Camarillo*, No. 2:12-cv-07924-RGK (MANx), 2013 WL 12155182, at *1 (C.D. Cal. Jan. 2, 2013) ("[Where] [t]he [c]omplaint does not set forth any claims arising under"

federal law, a "[d]efendant cannot confer jurisdiction upon the Court by attempting to attach a federal question to his Notice of Removal.")  Accordingly, the Court finds no basis for federal question jurisdiction.

**B.     Removal Under 28 U.S.C. §§ 1441 and 1442(a)**

Both parties agree that the "procedural posture of this case is uncommon." (Opp'n 7; Reply 3, ECF No. 18 (describing the United States's assertion of removal jurisdiction here as the "first-of-its-kind").)  In its Notice of Removal, the United States seeks removal of "this action." (*See, e.g.*, NOR ¶¶ 6, 8, 11.)  However, in its opposition brief, the United States contends that it seeks removal of only the "independent action brought by [Singer] against the United States for a determination of HERBL's tax liabilities." (Opp'n 4.)  Singer argues in either event that the United States is not a "defendant" in East West Bank's action against HERBL and therefore lacks the ability to remove. (Mot. 6–10.)  The Court addresses each argument in turn.

*1.     Removal of the Entire Action*

The removal statute, 28 U.S.C. § 1441(a), "permits 'the defendant or the defendants' in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019).  A nondefendant cannot remove a case to federal court. *See Westwood Apex v. Contreras*, 644 F.3d 799, 804 (9th Cir. 2011) (holding that the term "defendant" for purposes of removal under 28 U.S.C. § 1441 has been limited to "original" or "true" defendants).

Here, the United States concedes that it is "not a party to th[e] contract" between East West Bank and HERBL and is "not named as a plaintiff or defendant" in this action. (Opp'n 2, 7.)  That concession ends the Court's inquiry.  As the United States is not a defendant in the action initiated by East West Bank against HERBL, it cannot remove the entire action to this Court under 28 U.S.C § 1441. *See Home Depot*, 587 U.S. at 437 (holding that, in the context of removal provisions, "the term 'defendant' refers only to the party sued by the original plaintiff").

The United States further contends that "[t]his action is also properly removed to this Court under 28 U.S.C. § 1442(a)(1)." (NOR ¶ 8.)  Section 1442, also known as the Federal Officer Removal Statute, states that a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, [sued] in an official or individual capacity, for or relating to any act under color of such office" may be removed "to the district court of the United States for the district and division embracing the place wherein it is pending."  28 U.S.C. § 1442(a)(1).

However, the Federal Officer Removal Statute allows removal by the United States, an agency, or an officer (or a person acting under that officer) that is being "sued."  28 U.S.C. § 1442.  As discussed above, the United States is not a defendant and is not being sued in East West Bank's action against HERBL.  (Opp'n 2, 7.)  As such, the United States cannot remove the entire action under 28 U.S.C. § 1442 and such removal is improper.

### 2.    *Removal of the Motion for Adjudication of Tax Liabilities*

The United States contends that it may remove Singer's motion challenging the IRS's claimed tax liabilities because Singer "seeks a judicial order adjudicating HERBL's tax liabilities and [Singer's] obligation to pay it, which plainly falls within the meaning of 'civil action'" under 28 U.S.C. § 1442.  (Opp'n 4.)  In the United States's view, Singer's motion "raises an independent challenge to the assessment of federal tax liabilities," which gives rise to "an independent controversy" that becomes removable "solely [for] the adjudication of the tax claim," and as an "independent action for which the United States is the defendant." (*Id.* at 7.)

28 U.S.C. § 1442(d)(1) defines the term "civil action" as "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order . . . is sought or issued."  A receivership court "cannot reach claims that are independent" and non-derivative from the receivership action, meaning claims that

"do not involve assets claimed by the receivership." *U.S. Sec. & Exch. Comm'n v. Peterson*, 129 F.4th 599, 608 (9th Cir. 2025).

Here, the United States, through its agency—the IRS, initiated a claim on receivership assets. (NOR ¶ 3.) Singer, as court-appointed receiver, "object[ed] to the determination of federal tax liabilities." (*Id.* ¶ 5.) While Singer raises a challenge to the assessment of HERBL's tax liabilities, his challenge is part of the *same* receivership proceeding still pending in the Receivership Court. (Mot. 13.) A claim on HERBL's assets would necessarily affect the receivership res because it would impact or alter the distribution of HERBL's assets. *See Peterson*, 129 F.4th at 609. The authority the United States relies on does not hold otherwise. (*See* Opp'n 4–7.) Thus, Singer's claim for adjudication of HERBL's federal tax liabilities cannot be construed as a controversy *independent* from that pending in the Receivership Court.

Accordingly, the Court finds that removal of Singer's motion challenging the assessment of HERBL's federal tax liabilities is also improper.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Singer's Motion to Remand, (ECF No. 14), and **REMANDS** this case to the Superior Court of the State of California, County of Santa Barbara, South County Division, 123 East Anapamu Street, 2nd Floor, Santa Barbara, California, 93101, Case No. 23CV02629. All dates are **VACATED**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

October 21, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**